UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIRDRE JACQUOT,<br><br>          Plaintiffs,<br><br>   v.<br><br>FASHION CITY, et al.,<br><br>          Defendants. | CASE NO. 1:15-CV-1385  AWI SKO<br><br>ORDER CLOSING CASE IN LIGHT OF NOTICE OF DISMISSAL WITH PREJUDICE |

On November 12, 2015, the parties filed a stipulation for dismissal of this case with prejudice. See Doc. No. 10.  The stipulation cites Federal Rule of Civil Procedure 41(a)(1).

Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Dismissals under Rule 41(a)(1)(A), when properly filed, are effective immediately and do not require a court order/court approval.  See Fed. R. Civ. P. 41(a)(1); Yesh Music v. Lakewood Church, 727 F.3d 356, 362 (5th Cir. 2013); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999); Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

Here, no answers or motions for summary judgment have been filed and there is no indication that such documents have been served.  Therefore, by the plain language of Rule 41(a)(1)(A)(i), with the filing of dismissal with prejudice, this case terminated automatically.[1]  See id.

Accordingly, IT IS HEREBY ORDERED that the Clerk shall CLOSE this case in light of Rule 41(a)(1)(A) notice of dismissal with prejudice.

IT IS SO ORDERED.

Dated:   November 13, 2015                                                                  
                                                            SENIOR  DISTRICT  JUDGE

---

[1] Plaintiff's counsel and counsel for Defendants each signed the stipulation.  Because no answers or summary judgment motions were filed or served, it was unnecessary for Defendants to sign anything.  See Fed. R. Civ. P. 41(a)(1)(A)(i).

2